**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  16-20461-CR-MARTINEZ**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**vs.**

**MILKA YARLIN ALFARO,**

       **Defendant,**

**--------------------------------------/**

**OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND SENTENCING**
**MEMORANDUM**

      Milka Yarlin Alfaro, through counsel, hereby files her Objections to the Presentence

Investigation Report, and Sentencing Memorandum, and in support thereof states:

**INTRODUCTION**

      Milka Yarlin Alfaro is a forty (40) year old Cuban native who came to the United States

when she was five (5) years old and became a citizen twenty (20) years later, in 2002.  She has a

three year old daughter and both her and the father of the child are now incarcerated.  Milka Alfaro

has been hospitalized several times in recent years for kidney stones and she has suffered heart

palpitations (mitral valve prolapse) and gastric ulcers, both since 2009.  She also has a long history

of depression and alcohol abuse.  She has accepted her responsibility for her actions in two cases,

agreed to forfeit properties and money valued in excess of $5,000,000 and is fully cooperating with

the United States.

**OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

**PARAGRAPH 76**

Ms. Alfaro objects to the three criminal history points assigned to related case 16-20507-CR-MOORE.  Pursuant to § 4A1.1(a), "add 3 points for each prior sentence of imprisonment exceeding one year and one month."  The parties agree the money involved in the bulk cash smuggling in 16-20507-CR-MOORE was the proceeds of the fraud charged in the instant offense; therefore, the offense charged in paragraph 76 is not a "prior sentence" subject to criminal history points.  Pursuant to § 4A1.2(a)(1), "the term 'prior sentence' means a sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense."

Further consideration is the Introductory Commentary to § 3D - Multiple Counts.  The grouping rules for multiple counts "apply to multiple counts of conviction (A) contained in the same indictment or information; or (B) contained in different indictments or informations in which sentences are to be imposed at the same time or in a consolidated proceeding.  The single 'combined' offense level that results from applying these rules is used."  With that said:

• Had the government charged paragraph 76 with the instant offense, the counts would have been grouped under § 3D1.2(c) and the adjusted offense level would not be higher than level 37, § 3D1.3(a), because when counts are grouped under § 3D1.3(c), only the higher offense level applies.  The offense level in 16-20507-CR-MOORE is 21; the offense level in the instant offense is 34.

• Had the courts agreed to consolidate these cases for sentencing, the above would still apply.

• According to paragraph 7 of the PSR and the written Plea Agreement signed by the parties, "the parties further agree that they will recommend that any sentence imposed in this case run

concurrent with the sentence imposed in case no. 16-20507-CR-MOORE.

This joint recommendation for a concurrent sentence is an effort to treat both cases as if they were consolidated for sentencing. This is consistent with both the relevant conduct provisions of § 1B1.3, and the imposition of sentence when an undischarged sentence exists, § 5G1.3(b). Therefore, Ms. Alfaro should be sentenced as a criminal history category I offender.

In sum, applying criminal history points in the related case would penalize Ms. Alfaro for procedural decisions made by the government and the courts beyond her control. The total offense level should be 34, criminal history category I, with an advisory guideline range 151 to 188 months.

## PARAGRAPH 108

The advisory guideline range should be 151 to 188 months.

## SENTENCING MEMORANDUM

### A.     COOPERATION

Notwithstanding the above, we believe even without a Government sponsored motion, this Court may consider Milka Alfaro's cooperation with the Government in further support of a concurrent sentence of 151 months, consistent with the agreement between the parties. Post *Booker*, the Government conceded in *U.S. v. Fernandez*, 443 F. 3d 19, 33 (2nd Cir. 2006) and appellate courts have held, that the sentencing judge may consider a defendant's cooperation as one factor bearing on a proper sentence, even if the Government did not make a "departure" motion, *U.S. v. Barner*, 572 F. 3d 1239 (11th Cir. 2009). Therefore, this Court, under 18 USC § 3553, may apply any weight to Milka Alfaro's cooperation in determining a sentence consistent with the agreement between the parties.

In support of the sentencing agreement between the parties, this Court may also consider *United States v. Knox*, 573 F. 3d 441 (7th Cir. 2009) (we agree with Davis that, as a general matter, a district court may consider a defendant's cooperation with the government as a basis for a reduced sentence, even if the government has not made a § 5K1.1 motion); *United States v. Fernandez*, 443 F. 19, 33 (2nd Cir. 2006) (reasoning that a district court should consider "the contention that a defendant made efforts to cooperate even if those efforts did not yield a Government motion for a downward departure pursuant to U.S.S.G. § 5K1.1"); *United States v. Doe*, 398 F. 3d 1254, 1260-61 (10th Cir. 2005) (concluding that "a defendant's assistance should be fully considered by the district court at sentencing even if that assistance is not presented to a court in the form of a § 5K1.1 motion"); *United States v, Murray*, 2005 WL 1200185 (S.D.N.Y. May 20, 2005 (unpub.) ("fact that defendant testified as witness for the government at time when he had nothing to gain provides support for his genuine contrition"); *United States v. Hubbard*, 369 F. Supp. 2d 146, 150 (D. Mass. 2005) (suggesting court can correct for government's bad faith not making motion under 3553(a)(2)(C); and *United States v. Khoury,* 62 F. 3d 1138 (9th Cir. 1995) (court may depart downward where government refuses to make § 5K1.1 motion because defendant went to trial although government initially offered to do so and where defendant's cooperation led to arrest of co-defendant). In the case before this Court, Milka Alfaro, through counsel, asks that her cooperation with the Government be fully considered in determining a sentence in her case, again, consistent with the agreement between the parties. Counsel will have further remarks about this at sentencing.

## B.     FAMILY CIRCUMSTANCES

Milka and her co-defendant, Luis Alonzo, are the parents of three year old Mia. Both parents are currently incarcerated. Both Milka and Luis have already been sentenced to 37 months in 16-

20507-cr-MOORE and Milka faces additional time in the case before this Court.[1]  The prospect of incarcerating both parents of a three year old girl is not something courts see everyday.  In addition, Milka's mother is also incarcerated.  Mia's paternal grandparents, Juis Alonzo, Sr. and Ann Vinas, ages 77 and 74, respectively. Her grandparents, who are both in poor health and receive only modest social security benefits, cannot care for her alone.  Milka's 84 year old maternal grandmother, her great aunt, and her father have now assumed care for her.  This will remain a difficult situation for years to come.  With that said, this Court is asked to consider Milka Alfaro's extraordinary family responsibilities in support of a sentence consistent with the agreement between the parties.

## C.    PERSONAL CIRCUMSTANCES

Milka Alfaro has abused alcohol since she was 15 years old.  She began by drinking vodka and beer with school friends at weekend parties.  During her college years, she drank vodka, tequila, and beer, usually at weekend parties, and sometimes to excess.  She married Ariel Alfaro when she was 24.  Her husband abused both cocaine and marijuana and Milka abused alcohol most evenings during her years with Alfaro.

Since her separation from Alfaro in 2006, Milka became a binge drinker, consuming a bottle of tequila or vodka, with beer, several days a week.  She drank most heavily during the instant offense to relieve stress, anxiety and insomnia., and she would often drink herself to sleep.

Milka also has suffered from depression since 2006 and has had a difficult time confined at FDC.  She has an appointment to see the prison psychiatrist.  Milka has no treatment history but, through counsel, she will ask this Court to recommend that the Bureau of Prisons consider her for

---

[1] Luis Alonzo surrendered to a federal BOP facility in South Carolina on January 17, 2017.

RDAP.  She understands this is only a recommendation and not a guarantee she will be admitted to the program.

**D.      CONCLUSION**

Based upon the facts and factors set forth above, Milka Alfaro  respectfully requests a sentence of 151 months consistent with the parties' plea agreement.

## JUDICIAL RECOMMENDATIONS

Ms. Alfaro respectfully requests that the Court recommend 1) the Residential Drug and Alcohol Program; 2) placement at FPC Alderson in West Virginia; 3) confinement at the same BOP location as her mother Mildrey Gonzalez, Reg. No. 09301-104.